THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TALMADGE FITZPATRICK, PLLC,<br><br>          Plaintiff,<br><br>     v.<br><br>ASHA SINGH,<br><br>          Defendant. | CASE NO. C24-1326-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for remand (Dkt. No. 12).[1] Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

The dispute in this matter arises out of Plaintiff's representation of Defendant in a separate employment action against the University of Washington. (*See* Dkt. No. 1 at 2.) The fallout from that state suit has led to two separate cases before the Western District of Washington. The first is case number C24-0899, an interpleader action over damages awarded by the University of Washington. (*Id.* at 3.) Defendant removed that case from King County Superior Court, and it was here before the Honorable Marsha Pechman, United States District

---

[1] Plaintiff does not maintain their alternative motion for summary judgment, (*see* Dkt. No. 16 at 3), thus the Court focuses on the request for remand.

Judge. *See Univ. of Wash. v. Singh, et al.*, Case No. C24-0899-MJP, Dkt. No. 1 (W.D. Wash. 2024). The second is this case, C24-1326, which was filed by Plaintiff against Defendant for breach of contract due to unpaid legal fees. (Dkt. No. 1-1 at 7–8.) Defendant also removed this action, claiming supplemental jurisdiction to the first interpleader action. (Dkt. No. 1 at 5–7) (arguing jurisdiction pursuant to 28 U.S.C. § 1367). After Plaintiff moved to remand this case, (*see* Dkt. No. 12), Judge Pechman remanded the interpleader action for lack of subject matter jurisdiction, *Singh*, Case No. C24-0899-MJP, Dkt. No. 38 at 10, leaving only the instant case.

      A federal district court may exercise supplemental jurisdiction if there is a sufficient relationship in a civil action between a state law claim and a claim over which there is original federal jurisdiction. 28 U.S.C. § 1367(a). If there is jurisdiction over a federal claim, then the court has discretion to assert supplemental jurisdiction over the state claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). If there is no jurisdiction over a federal claim, then the court has no supplemental jurisdiction over the state claim and therefore no discretion to retain the claim. *Cf. First Data Corp. v. Inselberg*, 870 F. 3d 1367, 1375 (Fed. Cir. 2017) (distinguishing between discretionary and jurisdictional remands). Under 28 U.S.C. § 1447(c), if the Court determines that it lacks subject matter jurisdiction over a case at any time after removal, "the case shall be remanded." *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8 (1983).

      The Court is without jurisdiction here for two reasons. First, the Court cannot exercise supplemental jurisdiction based on a claim in a separate action. *See* 28 U.S.C. § 1367(a); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, slip op. at 3 (C.D. Cal. 2010). The purported federal claim was presented in case number C24-0899 and the state claim is presented here in case number C24-1326. Second, there is no jurisdictional basis suggested other than supplemental jurisdiction. Plaintiff brought a contract claim under Washington state law—this does not present a federal question. And both parties are citizens of Washington—they are not diverse. (*See* Dkt. Nos. 1-3 at 1, 12 at 7–8.) Defendant removed based on supplemental

jurisdiction to the interpleader action and does not dispute this is the sole basis. (*See* Dkt. No. 14 at 4–5.)[2] And Judge Pechman has already determined that there is no original jurisdiction over the interpleader action. *Singh*, Case No. C24-0899-MJP, Dkt. No. 38 at 5–7. Therefore, there is no federal claim to which the contract claim may attach, in this action or otherwise, and Defendant's jurisdictional argument doubly fails. Under 28 U.S.C. § 1447(c), the case must be remanded to state court.

For the foregoing reasons, Plaintiff's motion for remand (Dkt. No. 12) is GRANTED. The clerk is DIRECTED to remand this case to King County Superior Court.

DATED this 1st day of November 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Defendant maintains this jurisdictional argument in a brief submitted 19 days after Judge Pechman remanded the interpleader action. (*Compare* Dkt. No. 14 at 4–7 *with Singh*, Case No. C24-0899-MJP, Dkt. No. 38 at 11.) Defendant's candor about the related suit, or the lack thereof, is not well taken.